IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FLAGSTAR BANK FSB, | : | CIVIL ACTION NO. |
| | : | 1:12-CV-4326-TWT-JSA |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JULIUS PITTMAN and ANNIE PITTMAN, or current occupant, | : | |
| | : | |
| | : | **FINAL REPORT AND** |
| Defendants. | : | **RECOMMENDATION** |

Plaintiff Flagstar Bank FSB ("Plaintiff") originally filed this action against Defendants Julius Pittman and Annie Pittman in the Magistrate Court of Henry County on or about November 28, 2012. *See* Dispossessory Affidavit, attached to Petition for Removal [1-1]. On December 14, 2012, Defendant Julius Pittman ("Defendant"), proceeding *pro se*, removed the action to this Court by filing a Petition for Removal. Petition for Removal [1].

Pursuant to 28 U.S.C. § 1447, if at any time it appears that this Court lacks subject matter jurisdiction over an action that has been removed from a state court, this Court must remand the action. *See* 28 U.S.C. § 1447(c). "In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001).

The undersigned must therefore examine Defendant's Petition for Removal [1], and the attached Notice of Removal of Action to Federal Court Based on Federal Question Jurisdiction [1-1] ("Notice of Removal"), along with the other attached documents from the state court action, to determine whether this Court has jurisdiction over Plaintiff's claims. In Defendant's Petition for Removal, he alleges that this Court has subject matter jurisdiction over this case on the grounds of both diversity jurisdiction and federal question jurisdiction. Petition for Removal [1] at ¶ 1. The undersigned has reviewed the Petition for Removal, the Notice of Removal, and the documents attached thereto and finds that Defendant has failed to establish that this Court has jurisdiction over the Plaintiff's claims in this case, and therefore, this case must be remanded to the Magistrate Court of Henry County.

Defendant first alleges that this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446. *See* Petition for Removal [1] at ¶ 1. Defendant, however, has failed to establish that removal is proper on the basis of diversity. Under 28 U.S.C. § 1441, diversity between parties does not provide a basis for removal if any of the properly-joined defendants is a citizen of the state in which the action is brought. *See* 28 U.S.C. § 1441(b)(2). Defendant states in the Notice of Removal that he is a resident of McDonough, Georgia. Notice of

Removal [1-1] at 1. Defendant does not claim citizenship in any other state. Thus, he cannot remove this case on the basis of diversity jurisdiction.

Defendant further alleges that this Court has subject matter jurisdiction over this case on the basis of a federal question. The Court has reviewed the record, however, and determines that the Defendant has not established federal question jurisdiction. Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under 28 U.S.C. § 1441, a defendant may remove a civil action to a district court on the basis of such federal question jurisdiction. *See* 28 U.S.C. § 1441(a). The Supreme Court has held that the presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule. That rule provides that federal jurisdiction exists only when a federal question is presented on the face of the state court plaintiff's properly-pleaded complaint. *See Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936); *see also Anderson v. Household Fin. Corp.*, 900 F. Supp. 386, 388 (M.D. Ala. 1995).

In this case, Defendant does not allege that Plaintiff has asserted any federal claims in this case and a review of the record reveals that Plaintiff has asserted no federal claims. Instead, Defendant's Notice of Removal indicates that Plaintiff's state

3

court complaint is a dispossessory action to evict the Defendants after a foreclosure sale. *See* Dispossessory Affidavit, attached to Petition for Removal [1-1]. A dispossessory action is a process governed by state law that does not typically implicate federal law, and Defendant has not identified in the Petition for Removal or Notice of Removal any federal question that Plaintiff's state court dispossessory action raises. Instead, Defendant contends that Plaintiff is depriving the Defendants of their property without due process of law, and in violation of other federal laws, including the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.*, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq. See* Notice of Removal [1-1] at 2-3.

Thus, it appears that Defendant is attempting to remove this action by asserting defenses or counterclaims which invoke federal statutes, but that basis of removal is also improper. Under the well-pleaded complaint rule, federal defenses and counterclaims are not sufficient to confer jurisdiction on this Court to hear an action removed from a state court. *See Federal Land Bank of Columbia v. Cotton*, 410 F. Supp. 169, 170 n.1 (N.D.Ga. 1975) ("defendant's defense and counterclaim relating

to truth-in-lending violations are clearly not sufficient to confer subject-matter jurisdiction upon this court for the entire action").

Accordingly, for the reasons discussed above, the undersigned **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of Henry County.

As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO RECOMMENDED** this 17th day of December, 2012.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE